UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID COLLINS** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-16627** |
| **CENAC MARINE SERVICES, LLC ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant Cenac Marine Services, LLC ("Cenac") to exclude Dr. Randee Booksh from testifying on behalf of plaintiff David Collins ("Collins") in this case. Collins, who may seek to introduce Dr. Booksh's expert testimony at trial,[2] opposes the motion.[3]

On September 20, 2017, the Court—over Cenac's opposition—granted Collins's motion to extend the expert report deadline.[4] The Court ordered Collins to provide Cenac with a report from or disclosure for his treating clinical neuropsychologist, Dr. Booksh, in compliance with Federal Rule of Civil Procedure 26(a)(2)[5] by September

---

[1] R. Doc. No. 65.
[2] *See* R. Doc. No. 67, at 7.
[3] R. Doc. No. 71.
[4] R. Doc. No. 53.
[5] Rule 26(a) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present [expert] evidence." Fed. R. Civ. P. 26(a)(2)(A). Further, "this disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

    Even where an expert report is not required, however, a party must nonetheless disclose "the subject matter on which the [expert] witness is expected to present [expert] evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). This disclosure does not require "undue detail," but it does require *some* detail. *Anders v. Hercules Offshore Serv., LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015) (Africk, J.).

1

27, 2017.[6] As of October 13, 2017—the date that Cenac filed the present motion—Collins had not provided Cenac with the required report or disclosure.[7]

Cenac relies on Rule 37(c) of the Federal Rules of Civil Procedure to argue that the Court should exclude Dr. Booksh from providing evidence in this case. Rule 37(c) provides that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In determining whether the sanction available under Rule 37(c) is appropriate, the Fifth Circuit has instructed courts to consider four factors: "(1) the explanation for the failure to [comply with Rule 26(a) or (e)]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony;

---

[6] R. Doc. No. 53. Collins initially requested a deadline of September 28, 2017. *See* R. Doc. No. 47-1, at 1; R. Doc. No. 47-7.

[7] In its opposition to the present motion, Collins argues that it complied with Rule 26(a)(2)(C), which governs the disclosure requirements for treating physicians. *See* R. Doc. No. 71, at 1; *see also id.* at 3 n.2 (asserting that Dr. Booksh need not prepare an expert report in compliance with Rule 26(a)(2)(B)). More specifically, Collins contends that he "disclosed Dr. Booksh" to Cenac, and "provided both her area of expertise, neuropsychology, and a basic summary of what she would present through testimony." R. Doc. No. 71, at 4.

In support of this contention, Collins points to its amended Rule 26 disclosures, in which Dr. Booksh is identified as an "expert witness" who "will provide expert testimony related to the care and treatment for Mr. Collins' mental/emotional condition." See R. Doc. No. 71-4, at 2. Such a general statement as to the subject of Dr. Booksh's testimony falls far short of providing "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Collins further argues that he "provided [Dr. Booksh's] treatment record to [Cenac], which included her opinions and recommendations." *Id.* In support of this assertion, Collins points only to one document, in which Dr. Booksh appears to provide a preliminary evaluation of Collins, as well as her fee schedule for various types of services. *See* R. Doc. No. 71-2. What this document does not provide, however, is "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

and (4) the availability of a continuance to cure such prejudice." *O'Neal v. Cazes*, 257 Fed. App'x 710, 716 (5th Cir. 2007) (per curiam) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)); *see also CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009) (applying the four-factor test to assess whether the district court abused its discretion in excluding evidence under Rule 37(c)).

The Court concludes that these factors weigh in favor of Dr. Booksh's exclusion. Collins asserts that he did not provide the report or disclosure pursuant to Rule 26, because "it was simply not possible for [Dr. Booksh] to take all of the data collected from the testing and produce a report in the time frame she was provided."[8] Yet the Court granted Collins' request to extend the expert report deadline, and Collins never requested a second extension. *Cf. O'Neal*, 257 Fed. App'x at 716 ("Appellants . . . never objected to or sought clarification of the order [setting the expert disclosure deadline]; they simply ignored it until it was too late."). Collins has provided no justification for his failure to request a second extension in order to fulfill his Rule 26(a)(2) obligations. *Cf. CQ*, 565 F.3d at 280 ("SignCQ has not offered any justification for its failure to disclose the damages calculations or their underlying evidence.").

Collins also has offered no justification for his failure to provide a Rule 26 report or disclosure even after the expert report deadline had passed. Although Cenac eventually procured Dr. Booksh's treatment records related to Collins, the procurement came by way of a subpoena on Dr. Booksh herself.[9] Further,

---

[8] R. Doc. No. 71, at 1.
[9] R. Doc. No. 74, at 2.

3

"disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)." *Sheppard v. Liberty Mutual Ins. Co.*, No. 16-2401, 2017 WL 467092, at *2 (E.D. La. Feb. 2, 2017) (Vance, J.) (internal quotation marks omitted).

While Dr. Booksh's evidence is clearly important to Collins, permitting the admission of such evidence would result in substantial prejudice to Cenac "given the advanced stage of the litigation." *CQ*, 565 F.3d at 280. Cenac only acquired Dr. Booksh's treatment records related to Collins—a total of 914 pages which, again, do not themselves satisfy Rule 26(a)(2)—on October 25 or 26, 2017.[10] Yet the deadline to file all pretrial motions in the case was October 31, 2017.[11] Further, trial by jury is set for January 8, 2018—just over two months away.[12]

Finally, the Court has already continued the trial and discovery-related deadlines once.[13] The Court declines to do so again where a party failed to comply with the Court's deadline and has demonstrated a lack of interest and effort in correcting the error.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED**.

New Orleans, Louisiana, November 1, 2017.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[10] *Id.* (stating that Cenac acquired the records on October 26, 2017); R. Doc. No. 74-1 (certification by Dr. Booksh's custodian of medical records, dated October 25, 2017).
[11] R. Doc. No. 31, at 1.
[12] *Id.* at 3.
[13] *See* R. Doc. No. 26.

4