# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

DAVID COLLINS                                                CIVIL ACTION

VERSUS                                                       No. 16-16627

CENAC MARINE SERVICES, LLC ET AL.                            SECTION I

## ORDER AND REASONS

Before the Court is a motion[1] filed by Charles C. Bourque, Jr. and the law firm of St. Martin and Bourque, APLC (collectively, "proposed Intervenors") requesting that the Court review and reverse the decision of the U.S. Magistrate Judge denying their motion to intervene. The U.S. Magistrate Judge determined that the proposed Intervenors' motion to intervene was untimely for reasons that he stated on the record.[2] Plaintiff David Collins ("Collins") opposes[3] the proposed Intervenors' attempt to overturn the U.S. Magistrate Judge's decision.

"A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, No. 12-0885, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (Minaldi, J.); *see also Bd. of Trustees New Orleans Employers Int'l Longshoremen's Ass'n v. Gabriel, Roeder, Smith & Co.*, No. 05-1221, 2006 WL 2631946, at *1 (E.D. La. Sept. 13, 2006) (Feldman, J.) (treating a motion to intervene as a non-dispositive motion). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*,

---

[1] R. Doc. No. 115.
[2] *See* R. Doc. No. 100.
[3] R. Doc. No. 124.

1

755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). "This highly deferential standard requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of Am., Inc.*, No. 01-674, 2001 WL 1524510, at *1 (E.D. La. Nov. 28, 2001) (Vance, J.) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (alteration in original). The party challenging the magistrate judge's non-dispositive order carries the burden of establishing that the standard to set the order aside is met. *Redmond v. Poseidon Personnel Serv., S.A.*, No. 09-2671, 2009 WL 3486385, at *2 (E.D. La. Oct. 23, 2009) (Fallon, J.).

The proposed Intervenors—who Collins had previously retained under a contingency fee agreement to represent him in connection with the accident at the center of this lawsuit—contend that they have a right to intervene in this case pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.[4] Rule 24(a)(2) provides:

> On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The proposed Intervenors argue that "[i]t is well-settled that under Rule 24, a discharged attorney seeking to protect his contingent fee contract is entitled to intervene in the lawsuit brought on behalf of his former client."[5]

---

[4] *See* R. Doc. No. 115-1, at 2.
[5] *Id.*

2

On this point, the proposed Intervenors are correct: the Fifth Circuit has held that "a discharged lawyer with a contingent fee agreement does have an 'interest' for purposes of intervention." *Valley Ranch Dev. Co. v. F.D.I.C.*, 960 F.2d 550, 556 (5th Cir. 1992). However, the U.S. Magistrate Judge did not deny the proposed Intervenors motion to intervene on the ground that they lacked an interest in the case, but rather on the ground that the motion was untimely.

"In order to intervene as a matter of right under Fed R. Civ. P. 24(a)(2), a party must meet 'each of the four requirements of the rule.'" *Skinner v. Weslaco Indep. Sch. Dist.*, 220 F.3d 584 (5th Cir. 2000) (quoting *Keith v. St. George Packing Co., Inc.,* 806 F.2d 525, 526 (5th Cir. 1986)). Rule 24(a)(2)'s four requirements are that

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001); *cf.* Fed. R. Civ. P. 24(a)(2).

With respect to the issue of timeliness, the Fifth Circuit has articulated four factors that a court should consider to determine whether a motion to intervene is timely:

> (1) how long the potential intervener knew or reasonably should have known of her stake in the case into which she seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervener failed to intervene when she knew or reasonably should have known of her stake in that case; (3) the prejudice, if any, the potential intervener may suffer if the court does not let her intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness.

3

*John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001). "These factors are a framework and not a formula for determining timeliness." *Id.* (internal quotation marks omitted). The Court points out that the proposed Intervenors do not reference the case law discussing these factors in their memorandum in support of their present motion.[6]

After questioning the proposed Intervenors as to why they were "so late in filing" their motion to intervene, the U.S. Magistrate Judge denied the motion, concluding that it was untimely.[7] After considering the four factors bearing on the timeliness of a motion to intervene, the Court concurs with the U.S. Magistrate's Judge's conclusion.[8]

The Court puts particular weight on the first factor: "how long the potential intervener knew or reasonably should have known of her stake in the case into which she seeks to intervene."[9] *Id.* Collins terminated the services of the proposed Intervenors on or about November 28, 2016, which was the same day that this lawsuit was filed.[10] However, the proposed Intervenors did not file their motion to intervene

---

[6] *See id.*
[7] R. Doc. No. 100. The Court is aware of what transpired at the hearing at which the U.S. Magistrate Judge denied the proposed Intervenors' motion to intervene.
[8] The Court is aware of discussions between the U.S. Magistrate Judge and the proposed Intervenors regarding the appeal of the U.S. Magistrate Judge's order and how the Court should address the motion to intervene. However, the Court declines to follow the path that the proposed Intervenors ask the Court to tread.
[9] *See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 558-59 (5th Cir. 2003) ("Denial of a motion to intervene, based on its untimeliness, is reviewed for abuse of discretion as long as the district court 'articulate[s] the reason the motion was untimely,' including addressing the appropriate factors." (alteration in original)); *Glickman*, 256 F.3d at 376 ("It appears that a court fails to articulate a reason [why] a motion to intervene is untimely if it does not expressly reference any of the four factors used to decide a motion to intervene's timeliness.").
[10] *See* R. Doc. No. 115-1, at 1.

4

until November 21, 2017[11]—nearly one year later, and only about seven weeks prior to trial. The proposed Intervenors have provided no explanation to the Court as to why they waited almost a year to move to intervene in this case.

Further, the proposed Intervenors have not demonstrated that they would be prejudiced in the event that they are unable to intervene, or that the parties would not be prejudiced by such their intervention so late in the litigation. They also do not identify "any unusual circumstances that weigh in favor of . . . a finding of timeliness." *Id.* The proposed Intervenors therefore have not met their burden of demonstrating that the U.S. Magistrate Judge's order was clearly erroneous or contrary to law.[12]

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, December 20, 2017.

                                        **LANCE M. AFRICK**
                            **UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. No. 89.
[12] The Court notes that Collins' current counsel has ensured the proposed Intervenors that he "will protect [their] costs out of [a] favorable judgment or settlement." R. Doc. No. 93-3, at 1; *see also* R. Doc. No. 93-1, at 1 ("If you have costs or expenses, please be assured that we will protect them out of a favorable judgment or settlement."). Moreover, the proposed Intervenors appear to have previously recognized that La. R.S. § 37:218 provides a means for them to protect their interest in this case without the need to intervene. *See* R. Doc. No. 93-2, at 1.

5